UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 15-274-JLS (DFMx)                                    Date:  February 24, 2015
Title:      DNE Associates v. Soon Ja Pak et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                   Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2014-00750702-CU-UD-CJC**

    Plaintiff DNE Associates filed this unlawful detainer action against Defendant Soon Ja Pak on October 15, 2014, in Orange County Superior Court.  (Complaint, Doc. 1, Ex. 1.)  On February 17, 2015, Defendant Glenn Song[1] removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, federal question jurisdiction pursuant to 28 U.S.C. § 1331, and civil rights jurisdiction pursuant to 28 U.S.C. § 1443.  (Notice of Removal, Doc. 1, at 2, 4.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to Orange County Superior Court.

    When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

---

[1] Defendant Song alleges that he rents the home owned by Defendant Pak.  (Notice of Removal at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-274-JLS (DFMx)            Date: February 24, 2015
Title:     DNE Associates v. Soon Ja Pak et al.

(1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

     Defendant contends that removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties and the amount in controversy exceeds $75,000. Defendant admits that he is a California citizen, however, and therefore may not remove an action filed in Orange County Superior Court to this Court on the basis of diversity jurisdiction. (Notice of Removal at 3.) *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

     Defendant next argues that this case presents a federal question because Plaintiff's unlawful detainer action runs afoul of the federal Protecting Tenants at Foreclosure Act. (Notice of Removal at 5.) However, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the *face of the plaintiff's properly pleaded complaint*." *Caterpillar*, 482 U.S. at 392 (emphasis added). There is no federal question apparent on the face of Plaintiff's Complaint, which alleges only a state law unlawful detainer claim. *See IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fin. v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

     Defendant also argues for civil rights removal, but fails to show that removal under Section 1443 is appropriate because he has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to *command* the state courts to ignore [their] federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (emphasis added); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966). Defendant argues that he is a "disadvantaged defendant[]" and that "[t]he California Superior Courts [will] completely ignore the civil rules of Procedure, Civil rules of Evidence, and the Real Party

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-274-JLS (DFMx) | Date: February 24, 2015 |
| Title: DNE Associates v. Soon Ja Pak et al. | |

In Interest rule." (Notice of Removal at 10.) Defendant fails, however, to point to any statute *commanding* the state courts to ignore his federal rights.

    For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case Number **30-2014-00750702-CU-UD-CJC**.

                                                     Initials of Preparer: tg